VAZ
F. #2021R00999

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

| | |
|---|---|
| UNITED STATES OF AMERICA | **ELEMENTS SHEET** |
| - against - | No. <u>22-CR-489 (NRM)</u> |
| KYLER BOOKER, | |
| Defendant. | |

– – – – – – – – – – – – – – – – –X

The defendant Kyler Booker charged in the above-captioned Indictment with one count of firearms trafficking conspiracy, in violation of 18 U.S.C. § 371 (Count One) and 10 counts of making false statements to acquire firearms, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) (Counts Two to Eleven).

The government understands that the defendant intends to plead guilty to Counts One and Eleven of the Indictment in the upcoming weeks. The government respectfully submits this elements sheet to advise the Court of the elements:

COUNT ONE
(Firearms Trafficking Conspiracy)

The elements of the offense of conspiracy are as follows:

<u>First</u>:   two or more persons entered the unlawful agreement charged in the Indictment starting on or about the date set forth in the Indictment;

<u>Second</u>:   the defendant knowingly and willfully became a member of the conspiracy;

2

Third: one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Indictment; and

Fourth: the admitted overt act or acts were committed to further some objective of the conspiracy.

The object of the charged conspiracy is firearms trafficking, in violation of 18 U.S.C. § 922(a)(1)(A). The elements of firearms trafficking are as follows:

First: on or about the date set forth in the Indictment, the defendant engaged in the business of dealing in firearms;

Second: the defendant did not have a license as an importer, manufacturer, or dealer in firearms; and

Third: the defendant acted willfully.

A person is a "dealer" when he or she is engaged in the business of selling firearms at wholesale or retail. The term "engaged in the business" means a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms. The term "with the principal objective of livelihood and profits" is also a technical term; it means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain—except that proof of profit is not required.

## COUNT ELEVEN
(Making False Statements to Acquire Firearms)

The government must prove the following five elements:

First: the defendant made a false written statement;

Second: the defendant knew that the statement was false;

3

<u>Third</u>:         the statement was made in connection with the acquisition of a firearm from a licensed firearms dealer;

<u>Fourth</u>:      the statement was intended, or was likely, to deceive a licensed firearms dealer; and

<u>Fifth</u>:         the statement was material to the lawfulness of the sale or disposition of the firearm.

                           Respectfully submitted,

                           BREON PEACE
                           United States Attorney
                           Eastern District of New York

By:      /s/
       Victor Zapana
       Assistant U.S. Attorney
       (718) 254-7180